UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY ROBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 1:12-cv-100-GZS |
| | ) |
| CAPITOL PIZZA HUTS, INC, | ) |
| | ) |
| | ) |
| Defendant. | ) |

ORDER ON MOTION TO DISMISS &
ORDER TO SHOW CAUSE

Before the Court is Defendant's Motion to Dismiss Count I (ECF No. 7). As briefly explained herein, the Court GRANTS the Motion WITHOUT OBJECTION and additionally ORDERS Defendant to show good cause why the Court has subject matter jurisdiction over the remaining state law claims.

I.   MOTION TO DISMISS COUNT ONE

A.   Legal Standard

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a complaint. Gomes v. Univ. of Me. Sys., 304 F. Supp. 2d 117, 120 (D. Me. 2004). The general rules of pleading require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation omitted). Thus, faced with a motion to dismiss, the Court must examine the factual content of the complaint and determine whether those facts support a reasonable inference "that the defendant is liable for the misconduct alleged." Id. In conducting this examination of the complaint, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in plaintiff's favor. Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). However, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 556 U.S. at 678. In distinguishing sufficient from insufficient pleadings, which is a "context-specific task," the Court must "draw on its judicial experience and common sense." Id. at 679 (internal citation omitted).

**B.    Background[1]**

In May 2010, Plaintiff Emily Robson began working at a Pizza Hut restaurant located on Broadway in Bangor, Maine. In accordance with the Pizza Hut Sexual Harassment Policy, on October 6, 2010, Robson first reported she was being sexually harassed by her supervisors at the Broadway location. Robson was transferred promptly to another Pizza Hut in Brewer, Maine while her allegations were investigated by Defendant. On October 22, 2010, the Vice President of Operations and District Manager met with Robson and informed her that they "had completed their investigation" and "did not find anything that could be considered 'harassment'." (Compl.

---

[1] The Court limits its factual recitation to include only those facts related to the issues raised by the pending motion.

¶ 32.) Robson was told she could stay at the Brewer location or transfer back to the Broadway location but that she would not receive any serving shifts, which would result in her receiving less pay. After receiving this news, Robson determined that she could no longer work at Pizza Hut. Thus, Robson claims she was constructively discharged as of October 27, 2010.

On February 7, 2011, Robson filed charges of sex discrimination and retaliation with both the Maine Human Rights Commission ("MHRC") and the United States Equal Employment Opportunity Commission ("EEOC"). Robson was issued a right-to-sue letter by MHRC on August 15, 2011. The EEOC mailed a notice of dismissal and right to sue notice on October 7, 2011. This notice explicitly stated: "Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." (Compl. Ex. C (ECF No. 1-3) (emphasis in original).) It appears Robson received this EEOC notice on or about October 11, 2011.

Robson filed the pending Complaint on February 28, 2012 in Penobscot Superior Court. The Complaint contains four counts: (1) Wrongful Discharge in violation of Title VII; (2) Wrongful Discharge in violation of the Maine Human Rights Act; (3) Violation of Maine's Whistleblower Protection Act; and (4) Punitive Damages. In accordance with Maine practice, the Complaint does not demand any particular sum but does seek damages, including back pay, front pay, costs and attorney's fees, as well as punitive damages. On March 27, 2012, Defendants removed the case to federal court. After receiving an extension of the deadline for responding to the Complaint, on April 24, 2012, Defendant filed the pending Motion to Dismiss Count I, which seeks to dismiss the only federal claim of Plaintiff's Complaint.

**C.   Discussion**

Defendant seeks dismissal of Count I, Plaintiff's federal claim, based on her apparent failure to comply with the 90-day limitation contained in 42 U.S.C. § 2000e-5(f)(1). As

Defendant correctly points out, the 90-day limitation on filing a lawsuit, which was explicitly mentioned in the October 7, 2011 EEOC Notice, would have required Plaintiff to file the claim contained in Count I on or about January 9, 2012.  Having failed to meet that deadline, Plaintiff offers no explanation as to how her February 28, 2012 Complaint could be deemed timely.  Thus, the Court finds that Count I must be dismissed.  See, e.g., Abraham v. Woods Hole Oceanographic Institute, 553 F.3d 114 (1st Cir. 2009) (affirming that a plaintiff could not invoke equitable tolling of the ninety-day limitation on a Title VII claim);  Rice v. New England College, 676 F.2d 9, 11 (1st Cir. 1982).  The Court GRANTS Defendant's Motion (ECF No. 7) and hereby ORDERS Count I  DISMISSED WITH PREJUDICE.

## II.     ORDER TO SHOW CAUSE

The Court necessarily must consider whether it can or should retain jurisidiction over this case in the absence of any federal claim.  This case was removed to federal court by Defendant.  As a result, Defendant bears the burden of establishing jurisdiction.  In this case, perhaps anticipating that it would seek immediate dismissal of the sole federal claim, Defendant's Notice of Removal invokes diversity jurisdiction.  In fact, with the federal claim now dismissed, the Court would only have jurisdiction over this case if it is an action "between citizens of different States" and the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a).

When Defendant invokes diversity jurisdiction but the complaint is silent regarding the sum sought as damages, Defendant is permitted to assert the amount in controversy in its notice of removal.  However, the Court must ultimately find "by a preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."  28 U.S.C. § 1446(c)(2)(B).  In this case, Defendant's Notice of Removal simply asserts "upon information

and belief, the amount in controversy in this matter exceeds $75,000, exclusive of interests and costs." However, there is nothing in the record that would permit the Court to find by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interests and costs. Thus, even assuming Defendant's Notice of Removal sufficiently asserts that the parties to this case are, in fact, citizens of different states,[2] the record is insufficient as to the requisite amount in controversy. Therefore, the Court hereby ORDERS Defendant to show good cause why this action should not be remanded to state court for lack of jurisdiction on or before July 26, 2012. In the absence of a timely showing of good cause, the Court will remand this matter. If Defendant files a timely response to this order to show cause, the Court will consider any reply filed by Plaintiff on or before August 6, 2012.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 11th day of July, 2012.

---

[2] There appears to be no dispute that Plaintiff is a citizen of Maine and Defendant, as a "Colorado corporation with a principal place of business in Wichita, Kansas," is a citizen of Colorado and Kansas. (Notice of Removal ¶6.) See 28 U.S.C. § 1332(c)(1).