UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EMILY ROBSON, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) 1:12-cv-00100-GZS |
| CAPITAL PIZZA HUTS INC., | ) ) ) |
| Defendant | ) |

**ORDER RE: PLAINTIFF'S MOTION
FOR LEAVE TO FILE DEMAND FOR JURY
TRIAL (ECF NO. 13)**

Defendant removed the case to this Court on March 27, 2012. On April 24, 2012, Defendant filed its answer to the complaint and moved for partial dismissal, which the Court granted without objection on July 11, 2012. A scheduling order then issued on August 1, 2012, placing the matter on the nonjury trial list because no jury demand had been made either in this Court or in the state court. On August 15, 2012, Plaintiff filed a motion requesting leave to file a late demand for jury trial. I now deny the motion as Plaintiff has failed to show excusable neglect, even if I consider the belated showing made in the reply memoranda, and therefore has failed to provide the Court with a basis for the exercise of its discretionary authority under Rule 39(b) of the Federal Rules of Civil Procedure.

*The Timeliness of the Demand*

Apparently the time for demanding a jury trial in a case removed to federal court from state court has "bedeviled lawyers in this District since at least 1983." Awugah v. Key Bank Nat'l Assoc., 2:12-cv-00097-DBH (D. Me., July 18, 2012) (Order on Def.'s Appeal of the Mag. J.'s Order, ECF No. 12).[1] Magistrate Judges have been equally befuddled, turning too quickly to the discretionary authority found in Rule 39(b) of the Federal Rules of Civil Procedure which allows the Court to weigh whether the party not seeking the jury trial will be prejudiced by the late demand when

---

[1] Available electronically at 2012 U.S. Dist. Lexis 99733.

considering a Rule 6(b) motion for extension of time. The prejudice inquiry is only relevant if the party failed to make a timely demand due to excusable neglect within the meaning of Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure.

As the Awugah case makes crystal clear, the time for making a jury demand in this case was 14 days after the defendant filed its answer:

> Fed. R. Civ. P. 81(c)(3) says that where a party has already demanded a jury trial in the state court papers, there is no need to renew the demand in federal court. But where, as here, there was no demand in the state court papers, "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." Fed. R. Civ. P. 81(c)(3)(A). In 1983, however, Judge Carter ruled that Maine state law does require an express demand for a jury trial, and therefore that the quoted provision (somewhat reworded since then, but not affecting this issue) does not apply. Bonney v. Canadian Nat'l Ry. Co., 100 F.R.D. 388, 392 (D. Me. 1983). The vitality of the Bonney holding has been recognized repeatedly and recently. See, e.g., Lundy v. Nestle Waters North America, Inc., 2009 WL 2767715, at *1-*2 (D. Me. Aug. 28, 2009); Raymond v. Lane Const. Corp., 2007 WL 3348286, at *1 (D. Me. Nov. 7, 2007); Pastula v. Lane Const. Corp., 2006 WL 462350, at *3 (D. Me. Feb. 23, 2006). Accordingly, in a case removed to federal court in Maine, a jury demand must be made. And if all necessary pleadings were already served at the time of removal, as they were here, Rule 81(c)(3)(B) requires that the demand be made in federal court within 14 days after filing or service of the notice of removal. This plaintiff missed that deadline.

Id. at 2 (footnote omitted).

*Excusable Neglect*

Plaintiff is in some respect in the same position as the plaintiff in the Awugah case, arguing in her initial motion that her jury demand was timely based on a reading of Rule 81(c), even in the face of the plain language of Rule 38(b). Only in the reply memorandum does Plaintiff make an effort to articulate why excusable neglect is at play in this case. However: "An erroneous reading of Rule 81(c) is not, by itself, sufficient cause to be relieved from waiver of jury trial. Counsel is charged to know the law." Harris Baking Co. v. S.B. Thomas, Inc., 585 F. Supp. 750, 752 (D. Me. 1984). In the present case the answer was not filed until after removal, and counsel apparently erroneously interpreted Rule 38(b), which governs when a jury trial must be demanded after the final

pleading directed to the issue is served.  Plaintiff's counsel concluded that he need not make a jury demand until after the Court had ruled on the partial motion to dismiss and issued its own scheduling order placing the matter on the nonjury list because jury trial had never been demanded.  Nothing in the plain language of Rule 38(b) references orders of the Court as triggering events for jury trial demands.

In support of her claim of excusable neglect under Rule 6(b) Plaintiff cites two factors:  (1) confusion surrounding Fed. R. Civ. P. 81(c);  and (2) uncertainty over whether the court would retain jurisdiction over the case.  (Pl.'s Reply at 2, ECF No. 16.)  Notwithstanding prior rulings by myself and Magistrate Judge Rich, it is crystal clear that confusion over when a jury demand comes due is not a sound factual predicate for a finding of excusable neglect.  Plaintiff's claim of excusable neglect concerning the uncertainty of continued jurisdiction is likewise a nonstarter.  According to the pleadings, the question of diversity was never disputed and the only "jurisdictional" issue was whether Defendant could make a showing that the amount in controversy was in excess of $75,000.00.  Plaintiff was not willing to stipulate that it was less than $75,000.00, inclusive of attorney's fees.  (ECF No. 9-1 (e-mail from counsel).)  Defendant cites a wealth of cases which demonstrate that Plaintiffs in similar cases in a similar locality have recovered in excess of $75,000.00 in cases of this nature.  (See Def.'s Resp. to Order to Show Cause at 4-5, ECF No. 9.)  Plaintiff's reliance on this argument as the basis for a claim of excusable neglect is simply an extension of the same sort of argument rejected in the Harris Baking case.

Based on the foregoing the Motion for Leave to File Demand for Jury is denied.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
September 17, 2012                    /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge